**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Jerusalem K. Monday</u>

    v.                                                Civil No. 07-cv-226-SM

<u>John E. Potter, Postmaster General,
United States Postal Service</u>

**<u>REPORT AND RECOMMENDATION</u>**

Pro se plaintiff Jerusalem K. Monday alleges that his former employer, the United States Postal Service ("USPS"), engaged in acts of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u> ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981") (document no. 1). Plaintiff allegedly was wrongfully discharged because of his race and national origin. Named as the defendant is John E. Potter, Postmaster General of the USPS.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B). For the reasons stated below, I conclude that plaintiff has alleged Title VII claims, premised upon race and

national origin discrimination, against Potter.  I recommend dismissal of all remaining claims.

## Standard of Review

Under this Court's local rules, when a nonincarcerated plaintiff commences an action both pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2); or it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(1)(B).  In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," but not "bald assertions" or "unsupportable conclusions," must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Factual Background

This action stems from alleged illegal and wrongful employment practices that resulted in plaintiff's discharge from the USPS on October 19, 2005.  Plaintiff, an African-American of Nigerian descent, alleges that he was terminated from his employment based, in whole or in part, upon his race and national origin.  Prior to his discharge, plaintiff was employed as a Casual Clerk with the USPS at the Logistics and Distribution Center in Nashua, New Hampshire ("New Hampshire Facility) on a part-time, flexible basis at a level 07.  He allegedly was hired by the USPS after he successfully completed the hiring process.  The process included submitting an application, interviewing and

meeting the qualifications required by his position.  Plaintiff was one of less than 0.5 per cent of African-American employees working at the New Hampshire Facility.

The following events allegedly resulted in plaintiff's discharge.  Amy Johnson, a white female employed by the USPS at the New Hampshire Facility, stated that plaintiff's presence in the workplace "scared her mainly because of [his] Black color."  Michael Carney, who appears to have been plaintiff's supervisor, told plaintiff that Johnson was "evil" and "had a history of race discrimination" and ordered him back to his work area.  Plaintiff was neither restricted to his work area nor prevented from passing through Johnson's work area.  He contends that Carney never ordered him to stay out of Johnson's work area.  In light of the information relayed by Carney, however, plaintiff decided to stay away from Johnson's work area and avoided her at all times.

On October 17, 2005, Pastor Godswill, an employee of the USPS, borrowed plaintiff's cell phone and promised to return it as soon as he finished using it.  Several hours passed and Godswill failed to return the phone.  Plaintiff then needed to use the cell phone to call his family and walked to Godswill's work area to retrieve it.  This required plaintiff to walk

4

through Johnson's work area.  On October 19, 2005, plaintiff was discharged from the USPS, allegedly for the singular act of walking through Johnson's work area.  Plaintiff contends that he was discharged because of his race and national origin.  The USPS allegedly advised him that he was terminated for "failure to follow instructions."  As a result of his discharge, plaintiff claims, he has been deprived of income, including wages, prospective retirement benefits and other benefits.  He further claims that because of his race, he has been denied promotion opportunities and job assignments.

## Administrative Proceedings

Plaintiff alleges that he has exhausted administrative remedies.  Without providing any relevant dates or supporting documents, he claims that he timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which he presumably alleged that defendant discriminated against him on the basis of race and national origin.  It is further alleged that during the course of the administrative proceedings, plaintiff promptly and diligently accommodated defendant's requests for information and fully cooperated with the EEOC's investigation.  The EEOC allegedly issued a final order, however, plaintiff has not provided this

Court with a copy of the order or its date of issuance. The instant complaint was filed with this Court on July 27, 2007.

**Discussion**

I.  <u>Exhaustion of Administrative Remedies</u>

The First Circuit has held that "[a]n individual who has suffered discrimination at the hands of a federal employer on account of race, color, religion, gender, or national origin must file an administrative complaint with the EEOC within 180 days of the alleged unlawful employment practice." <u>Jorge v. Rumsfeld</u>, 404 F.3d 556, 564 (1st Cir. 2005) (citing 42 U.S.C. § 2000e-15(c)(1) & 16(c)). "The employee may commence a civil action against [his] employer if, and only if, the EEOC has dismissed the administrative complaint or has itself failed to begin a civil action within 180 days of the original EEOC filing. <u>Id</u>. (citing § 2000e-5(f)(1)). The employee then must sue within ninety days. <u>Id.</u>

A federal employee who claims that he was the victim of illegal employment discrimination may bring a claim in district court under Title VII. <u>See</u> 42 U.S.C. § 2000e-16(c). <u>See also</u> <u>Belhomme v. Widnall</u>, 127 F.3d 1214, 1216 (10th Cir. 1997). As a prerequisite to filing suit in federal court, a federal employee must file an administrative complaint concerning his allegations,

6

and he may not bring his suit more than ninety days after receiving a final decision from either his employing agency or the EEOC.  See Shank v. Johanns, No. 3:05 CV 07439, 2007 WL 2713901, slip op. at *4 (N.D. Ohio Sept. 17, 2007).  See also Brown v. Kempthorne, 190 Fed. Appx. 590 (10th Cir. 2006) (unpublished) (quoting Belhomme, 127 F.3d at 1216 and citing 42 U.S.C. § 2000e-16(c)).

   Here, plaintiff alleges that he has exhausted his administrative remedies by filing timely charges of unlawful discrimination with the EEOC.  Without providing any relevant dates or supporting documents, he further alleges that the EEOC issued a final order and that he timely filed the instant federal complaint with this Court.  Accepting his allegations as true, which I must do at this preliminary stage of review, I find that plaintiff has alleged sufficient facts to demonstrate exhaustion of administrative remedies.

II.  Title VII Claims

   The premise of plaintiff's Title VII claims is that defendant discriminated against him on the basis of race and national origin by terminating him because he was an African-American of Nigerian descent.

   Title VII of the Civil Rights Act of 1964, as amended, makes

it unlawful for an employer "to . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  A Title VII plaintiff may establish discrimination by introducing either direct evidence of discrimination or circumstantial evidence supporting an inference of discrimination.  See Johnson v. Kroger Co., 319 F.3d 858, 864-65 (6th Cir. 2003).  In the instant case, it is not clear from the pleadings whether plaintiff intends to prove overt discrimination.  Where there is little overt evidence of race and national origin discrimination, courts typically employ the burden-shifting framework articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See also Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 19 (1st Cir. 1999); Carey v. Mt. Desert Island Hosp., 156 F.3d 31, 34 (1st Cir. 1998).

    To establish a prima facie case of discrimination under McDonnell Douglas, a plaintiff must show that (1) he was a member of a protected class; (2) he was qualified for the job in question; (3) his employer took adverse employment action against

him; and (4) similarly situated persons who are not members of the protected class were treated more favorably, or that circumstances of his discharge give rise to an inference of discrimination.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002); Kimble v. Morgan Properties, No. 05-5232, 2007 WL 2189355, slip op. at *2 (3d Cir. 2007).

In Rodriguez-Cuervos, the First Circuit articulated the burden-shifting analysis:

> Establishment of a prima facie case creates a presumption of unlawful discrimination.  Once a plaintiff establishes a prima facie case, the burden shifts to the employer to rebut this presumption by articulating a legitimate, non-discriminatory reason for its adverse employment action.  In the third and final stage, the burden devolves upon the plaintiff to prove that the reasons advanced by the defendant-employer constitute mere pretext for unlawful discrimination.

Rodriguez-Cuervos, 181 F.3d at 19.

In this action, the complaint alleges sufficient facts to state cognizable Title VII claims premised upon race and national origin discrimination.  Plaintiff is an African-American of Nigerian descent and thus is a member of a protected class.  He was hired by the USPS after he successfully completed the hiring process and met the qualifications for his position, a Casual Clerk.  During his employment with the USPS, plaintiff alleges,

he fully, adequately and completely performed the functions, duties and responsibilities of his employment.  Despite his performance and qualifications, he was discharged on October 19, 2005, allegedly because of his race and national origin.  Construed liberally, the complaint alleges circumstances that give rise to an inference of discrimination.  If true, these allegations may state cognizable Title VII claims, premised upon race and national origin discrimination, against the defendant.  By separate order issued simultaneously herewith, I allow these claims to proceed against the defendant.

III. Section 1981 Claims

Plaintiff alleges that defendant discriminated against him on the basis of race and national origin by terminating him because he was an African-American of Nigerian descent.  Defendant's acts of discrimination allegedly violate plaintiff's rights under Section 1981.

"While Section 1981 prohibits discrimination against individuals on the basis of their race, it is well established that Title VII, not Section 1981, is the exclusive remedy for federal claimants alleging discrimination in their workplace." Martin v. Potter, No. 2:05-CV-389-PRC, 2007 WL 2533781, slip op. at 5, (N. D. Ill. Aug. 30, 2007) (citing Brown v. General Serv.

Administration, 425 U.S. 820, 835 (1976)(holding that a federal employee alleging race discrimination under Title VII and 42 U.S.C. § 1981 may only pursue redress under Title VII)); Briggs v. Potter, 463 F.3d 507, 517 (6th Cir. 2006) (holding that "federal employees must rely on Title VII and other federal antidiscrimination statutes like the ADEA that apply to the federal government as the exclusive remedy for combating illegal job discrimination.")  The instant action arises from plaintiff's former employment with the USPS and his subsequent discharge. Given that he was a federal employee, Title VII is the exclusive remedy by which he can proceed with his claims that allege discrimination in his workplace.  Accordingly, I recommend that plaintiff's Section 1981 claims, alleging employment discrimination on the basis of race and national origin, be dismissed.

## Conclusion

For the reasons stated above, I find that plaintiff has alleged Title VII claims, premised upon race and national origin discrimination, against Potter.  I recommend dismissal of all remaining claims.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all

11

purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, plaintiff must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: October 29, 2007

cc:   Jerusalem K. Monday, pro se